UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUSTIN HUFFMAN #429958,

       Plaintiff,

v.                               Case No. 2:08-cv-89
                               HON. R. ALLAN EDGAR

R. SCHUBERT,

       Defendant.

_____/

**MEMORANDUM  AND  ORDER**

Plaintiff Dustin Huffman, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this *pro se* civil rights action under 42 U.S.C. § 1983 seeking injunctive relief and compensatory damages.  Plaintiff sues defendant R. Shubert, a correctional officer employed by MDOC.  At all times relevant to the complaint, the defendant was acting in his official capacity as a MDOC employee.  The complaint avers that the defendant is being sued in both his individual capacity and official capacity.

Pursuant to W.D. Mich. LCivR 72.1 and 72.2, the plaintiff's complaint was referred to Magistrate Judge Timothy P. Greeley for initial screening under 28 U.S.C. § 1915A.  On May 30, 2008, the Magistrate Judge submitted his report and recommendation. [Doc. No. 3].  It is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c) for failure to state a claim upon which relief may

1

be granted.  It is further recommended that the dismissal of this action count as a strike for purposes of enforcing the "three-strikes rule" under 28 U.S.C. § 1915(g).

Plaintiff Huffman has not timely filed any objections to the report and recommendation. After reviewing the record, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).  The Court takes this opportunity to supplement and expand on the report and recommendation.  There are additional reasons why the plaintiff's claim for compensatory damages brought against the defendant in his official capacity as a MDOC employee under 42 U.S.C. § 1983 must be dismissed for failure to state a claim upon which relief can be granted.

MDOC is an agency and department of the State of Michigan.  A lawsuit against persons under 42 U.S.C. § 1983 in their official capacities as employees of MDOC is in effect the same as bringing suit against MDOC and the State of Michigan.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003); *Mumford v. Basinski*, 105 F.3d 264, 270 n. 8 (6th Cir. 1997); *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993); *Hardin v. Straub*, 954 F.3d 1193, 1198-99 (6th Cir. 1992); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *Annabel v. Shertz,* 2007 WL 1455913, *1 (W. D. Mich. May 16, 2007); *Green v. Metrish*, 2006 WL 2506191, * 2 (W.D. Mich. Aug. 29, 2006).

Plaintiff Huffman cannot maintain a 42 U.S.C. § 1983 civil rights action against MDOC and the State of Michigan by suing MDOC employees in their official capacities for at least two reasons.  First, the State of Michigan and its employees acting in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983.  *Will*, 491 U.S. at 71; *Gean*, 330 F.3d at 766;

*Moore v. McGinnis*, 182 F.3d 918 (Table, text in 1999 WL 486639, * 1 (6th Cir. June 28, 1999));
*Pusey*, 11 F.3d at 657-58; *Annabel*, 2007 WL 1455913, at *1; *Green*, 2006 WL 2506191, at * 3.

Furthermore, the Eleventh Amendment to the United States Constitution provides sovereign immunity for the States., and it bars suits for money damages against the State of Michigan and its MDOC employees acting in their official capacities unless either: (1) the United States Congress expressly abrogates Eleventh Amendment immunity by federal statute; or (2) the State of Michigan gives its unequivocal, express consent to being sued under 42 U.S.C. § 1983 and waives its Eleventh Amendment sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Johnson v. Unknown Irvine*, 79 Fed. Appx. 154, 155 (6th Cir. Oct. 24, 2003); *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir. 1999); *McGinnis*, 1999 WL 486639, at * 1; *Doe v. Wigginton* 21 F.3d 733, 736-37 (6th Cir. 1994); *Annabel,* 2007 WL1455913, at *2; *Green*, 2006 WL 2506191, at * 3; *Secord v. Michigan Department of Corrections*, 2006 WL 2035301, * 2 (W.D. Mich. July 18, 2006); *Henderson v. Michigan Department of Corrections*, 2006 WL 958743, * 1 (W.D. Mich. April 10, 2006); *Webb v. Caruso*, 2006 WL 416261, * 3 (W.D. Mich. Feb. 22, 2006).

The United States Congress has not abrogated Eleventh Amendment immunity for the States in civil actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993); *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990); *Annabel,* 2007 WL 1455913, at *2; *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

The State of Michigan has not waived its Eleventh Amendment immunity from suit in actions

brought under 42 U.S.C. § 1983.  The State of Michigan has not consented to being sued in the federal courts for money damages by state prisoners under 42 U.S.C. § 1983. *Johnson*, 357 F.3d at 545; *Hill v. Michigan*, 62 Fed. Appx. 114, 115 (6th Cir. 2003); *McGinnis*, 1999 WL 486639, at * 1; *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *Annabel,* 2007 WL 1455913, at *2; *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Burnett*, 2006 WL 1547248, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

In sum, to the extent that plaintiff Huffman pleads a claim for compensatory damages against the defendant in the defendant's official capacity under 42 U.S.C. § 1983, this claim must be dismissed with prejudice for failure to state claims upon which relief may be granted.

Accordingly, the plaintiff's entire complaint and all claims against the defendant brought under 42 U.S.C. § 1983 shall be **DISMISSED WITH PREJUDICE**.  The dismissal of this frivolous action shall count as a strike for purposes of 28 U.S.C. § 1915(g).  For the same reasons that the Court dismisses this action, the Court finds there is no good faith basis for an appeal from this decision.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

A separate judgment will be entered.

SO ORDERED.

Dated: August 6, 2008.


　　　　　　　　 */s/ R. Allan Edgar*　　　　　　　
　　　　　　　　R. ALLAN EDGAR
　　　　　　UNITED STATES DISTRICT JUDGE